IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Dayquan Robinson, <br><br> Petitioner, <br><br> vs. <br><br> Warden Cartledge, <br><br> Respondent. | Civil Action No. 6:17-133-TMC-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND

The petitioner is currently incarcerated at McCormick Correctional Institution in the South Carolina Department of Corrections (doc. 1 at 1). He was indicted by the Sumter County Grand Jury in January 2012 on a multi-count indictment for discharging a firearm into an occupied vehicle, armed robbery, attempted armed robbery, and attempted murder. Co-defendant Terrance Goodman was named on the same indictment (doc. 127-28).

After jury selection, the petitioner pled guilty before the Honorable R. Ferrell Cothran on July 23, 2012 (app. 1-2). Tim Murphy of the Third Circuit Public Defender's Office represented the petitioner, and Assistant Third Circuit Solicitor Jason Corbett appeared on behalf of the State (app. 1).

The petitioner's plea was entered pursuant to *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). As part of the plea negotiation, the State dismissed the fourth charge of attempted murder (app. 2). Also as part of the plea deal, the petitioner received a

negotiated sentence as follows: ten years for discharging a firearm inside a vehicle, a concurrent fifteen years for armed robbery, and another concurrent fifteen years for attempted armed robbery (app. 11). The petitioner did not pursue a direct appeal.

## *Underlying Case Facts*[1]

At approximately 6:00 p.m. on September 20, 2011, Corey Jones (driver) and Emanuel Perry and Darrell Bennett were riding in a vehicle in Sumter when they happened upon the petitioner and his co-defendant Goodman. Jones slowed his vehicle, and all five men began talking. Then, the petitioner and Goodman produced weapons and demanded money from the occupants of the vehicle, but only managed to get $20.00 from Jones and a cell phone. Shortly thereafter, Jones drove off, and as they left the scene, gunshots were fired at the vehicle by the petitioner and Goodman, both of whom were arrested at the scene that day. While they stood under arrest, one officer dialed the missing cell phone number and located the ringing cell phone in the same vicinity where the two suspects were being held. Additionally, a bullet matching shell casings recovered at the scene was found on the petitioner's person during the booking process at the police station (app. 6-9).

## *PCR*

On December 12, 2012, the petitioner filed a *pro se* application for post-conviction relief ("PCR") (2012-CP-43-02373), raising the following claims:

> (a) I did not receive all of the State evidence against him in my Rule 5. In my motion of discovery I didn't receive any statements from the above victims or witnesses.
>
> (b) I feel as if the public defender appointed to me misrepresented me during my court proceeding. Public Defender Timothy Murphy only came to speak with me twice about my case.

(App. 13-21).

---

[1] These facts are taken from the guilty plea transcript (app. 6-9).

The State filed a return on April 4, 2013 (app. 22-27). In the return, the State interpreted the petitioner's claims as falling into two categories: ineffective assistance of counsel and involuntary guilty plea. The latter interpretation applied to the petitioner's claim that he felt his public defender misrepresented him during his proceeding (app. 23).

An evidentiary hearing was on April 14, 2015, before the Honorable George C. James, Jr. (app. 26). Charlie Johnson represented the petitioner at the hearing, and Assistant Attorney General Daniel Gourley appeared on behalf of the State (*id*.). At the hearing, the petitioner's counsel represented that they would proceed on two claims: (1) ineffective assistance for counsel's failure to property investigate and identify potential witnesses and (2) an alleged conflict of interest stemming from the Third Circuit Public Defender's Office's representation of both petitioner and his co-defendant (app. 31). The petitioner, his trial counsel, and Quinton Singleton testified (app. 29). Judge James denied and dismissed the petitioner's application in its entirety by order of dismissal filed September 10, 2015 (app. 115-26).

*PCR Appeal*

The petitioner appealed the PCR denial by way of a *Johnson* petition for writ of certiorari to the South Carolina Supreme Court (doc. 13-3). He was represented by Wanda Carter of the South Carolina Office Commission on Indigent Defense. In the *Johnson* petition[2], the petitioner raised the following issue:

> The PCR judge erred in denying petitioner's allegation that a conflict of interest existed with respect to his attorney's representation of him because trial counsel practiced law in the same public defender office where his co-defendant's attorney, who was a public defender also, practiced law and this concurrent legal representation violated his Sixth Amendment right to effective assistance of counsel.

---

[2] The Supreme Court of South Carolina "has approved the withdrawal of counsel in meritless post-conviction appeals, provided the procedures outlined in *Anders v. California*, 386 U.S. 738 (1967), were followed." *Johnson v. State*, 364 S.E.2d 201, 201 (S.C. 1988). In conjunction with the *Johnson* petition, counsel filed a petition to be relieved, stating that "[i]n her opinion seeking certiorari from the order of dismissal [was] without merit" (doc. 13-3 at 9).

(Doc. 13-3 at 2).

The petitioner filed a *pro se Johnson* petition with the Supreme Court of South Carolina, arguing a similar issue:

> The PCR judge erred in denying the petitioner's allegation that a conflict of interest exist[ed] with respect to his attorney representation of him because the Petitioner never waived his right to have multiple representation. "However," both attorneys practiced law in the same public defenders office and this concurrent legal representation violated Petitioner's right to 6th Amend effective assistance of counsel.

(Doc. 13-4).

The Supreme Court denied certiorari by order issued August 4, 2016 (doc. 13-5). That court issued its Remittitur on August 22, 2016 (doc. 13-6). The Sumter County Clerk's Office filed the Remittitur the next day (doc. 13-7).

## **FEDERAL PETITION**

On January 13, 2017, the petitioner filed a § 2254 petition (doc. 1). In his petition, the petitioner raises the following grounds for relief:

> **Ground One:** Sixth Amendment ineffective assistance of counsel. (And Pro-Se Petition)
>
> **Supporting Facts:** Ineffective assistance of counsel; and a. "I didn't' receive all of the state evidence against me in my Rule 5." b. "in my motion of discovery I didn't receive any statements from the above victims or witnesses." (c) "public defender Timothy Murphy only came to speak with me twice about my case." Involuntary guilty plea (a) "I feel as if the public defender appointed to me misrepresented me during my court proceeding."

(Doc. 1 at 6). On March 21, 2017, the respondent filed a motion for summary judgment (doc. 14) and a return and memorandum (doc. 13). By order filed March 21, 2017, pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), the petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion (doc. 15). On June 1, 2017, the petitioner filed his response in

4

opposition to the motion for summary judgment (doc. 21), and the respondent filed a reply on June 8, 2017 (doc. 23).

## **APPLICABLE LAW AND ANALYSIS**

### *Summary Judgment Standard*

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the

5

outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

***Exhaustion***

Before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203, SCACR; S.C. Code Ann. §§ 17–27–10,–90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C.1976). If the PCR court fails to address a claim as is required by South Carolina Code § 17–27–80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP to preserve the issue for appellate review. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007).[3]

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990). In *McKennedy*, the South Carolina Supreme Court specifically held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "outside of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan [v. Boerckel*, 526 U.S. 838 (1999)]." 559 S.E.2d at 854. Accordingly, a claim would not be procedurally barred from review in this court for failure to pursue review in the South

---

[3]In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that prior to the Supreme Court of South Carolina's November 5, 2007, decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

Carolina Supreme Court after an adverse decision in the South Carolina Court of Appeals, either after a direct appeal or after pursuing relief in a PCR petition.

A habeas petitioner must first present his claim to the court in a manner in which it may be reviewed on the merits. *Harris v. Reed*, 489 U.S. 255, 262 (1989); *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). It is well settled in South Carolina that "[i]ssues not raised and ruled upon in the trial court will not be considered on appeal." *State v. Dunbar*, 587 S.E.2d 691, 693-94 (S.C. 2003). Moreover, it is not enough that the argument presented stems from the same factual scenario; rather, the legal argument must be the same as the argument presented below. *See, e.g., State v. Haselden*, 577 S.E.2d 445, 448 (S.C. 2003) (finding differing ground for objection did not preserve issue presented for review: defendant's objection on relevancy did not preserve argument the evidence was improper character evidence); *State v. Caldwell*, 662 S.E.2d 474, 482 (S.C. Ct. App. 2008) ("Because the argument raised on appeal does not appear to have been specifically raised below, it may not be preserved on appeal.").

The petitioner did not file a direct appeal, and his time for doing so has passed. He pursued PCR, the PCR court dismissed his application, the petitioner appealed, and certiorari was denied. Accordingly, as the petitioner has no available means of pursuing any state remedy at this time, his petition is technically exhausted.

## *Procedural Default*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief on an issue after he failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S.

7

527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

If a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court has explained:

> [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

"[A] federal court ordinarily may not consider claims that a petitioner failed to raise at the time and in the manner required under state law unless 'the prisoner demonstrates cause for the default and prejudice from the asserted error.'" *Teleguz v. Pearson*, 689 F.3d 322, 327 (4th Cir. 2012) (quoting *House v. Bell*, 547 U.S. 518, 536 (2006)). To show cause, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or that "the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding." *Roach v. Angelone*, 176 F.3d 210, 222 (4th Cir. 1999). "Alternatively, Petitioner may prove that failure to consider the claims will result in a fundamental miscarriage of justice." *McCarver v. Lee*, 221 F.3d 583, 588 (4th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). A fundamental miscarriage of justice equates to the conviction of someone who is actually innocent. However, "actual innocence" requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

The respondent argues that all of the petitioner's grounds for relief are procedurally barred (doc. 13 at 9-10). This court agrees. The federal habeas petition recites the same allegations the petitioner raised in his *pro se* state PCR application (app.

8

15, 23). The PCR court ruled on the petitioner's ineffective assistance allegations, but none of the allegations raised in the federal petition were then pursued on appeal (app. 115-26; docs. 13-3, 13-4). Further, the petitioner's involuntary guilty plea claim was not ruled upon by the PCR court, and it was not addressed on appeal. Accordingly, the petitioner's grounds for relief are procedurally barred from consideration by this court absent a showing of cause for the default and prejudice from the asserted error.[4]

As noted above, the respondent filed the motion for summary judgment now before the court on March 21, 2017 (doc. 14), and a *Roseboro* order was issued on that same date (doc. 15). The petitioner then filed a motion for extension of time to respond (doc. 17), which was granted by the undersigned, thereby extending the deadline for the petitioner's response to June 1, 2017 (doc. 19). On June 1st, the petitioner filed a document that was docketed by the Clerk of Court as the petitioner's response in opposition to the motion for summary judgment (doc. 21). As noted by the respondent in his reply (doc. 23), however, the document is on a new petition form and adds an allegation of "ineffective assistance of counsel due to a conflict of interest" (doc. 21). Specifically, the petitioner alleges in that document:

> Ground One: Ineffective assistance of counsel, due to a conflict of interest and violation of my Six Amendment
>
> Supporting Facts: In my motion of discovery, I didn't receive any statements from victims or witnesses. In which, I couldn't have been fully [prepared] for my case in court. In addition, my attorney wasn't ready to [represent] me in court due to lack of statements from victims and witnesses which force me to go against my better [judgment] and not taking a trial.

(Doc. 21 at 5).

---

[4] The petitioner does not argue that federal review of his claims is necessary to prevent a fundamental miscarriage of justice. Furthermore, the record does not support a showing of actual innocence.

9

Liberally construing the *pro se* petitioner's document as an attempt to amend his original petition to add an allegation of "[i]neffective assistance of counsel due to a conflict of interest," which was not the basis of any ground alleged in the original federal petition (doc. 1), such amendment should be denied as futile. Federal Rule of Civil Procedure 15 states that a pleading may be amended once as a matter of course within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1).[5] The petitioner's document was mailed on May 31, 2017 (doc. 21-2 at 1), some 71 days after service of the respondent's motion for summary judgment (doc. 14-1). Accordingly, the petitioner may not amend his petition without "the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Amendments under Rule 15 are generally freely given unless doing so would be prejudicial to the opposing party, have been made in bad faith, or would be futile. *Jones v. Lexington Cty. Det. Ctr.*, 586 F. Supp. 2d 444, 450 (D.S.C. 2008) (denying motion to amend as futile) (citation omitted). If the proposed amended complaint fails to state a claim under Rule 12(b)(6), amendment would be futile, and denial of a motion to amend is appropriate. *See United States v. Kellogg Brown & Root Inc.*, 525 F.3d 370, 376 (4th Cir. 2008).

The newly asserted conflict of interest allegation is far too vague to warrant relief. On federal habeas review, "unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing." *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992), *overruled on other grounds by Gray v. Netherland*, 518 U.S. 152, 165–66 (1996). The petitioner puts forth no facts in support of any claim of conflict of interest, nor does he define the conflict alleged. Without factual support, the petitioner fails to make a coherent claim of constitutional error, and the allegation remains too undefined to garner

---

[5] Rule 12 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

habeas relief. *Jones v. Polk*, 401 F.3d 257, 269-70 (4th Cir. 2005) (finding petitioner's conclusory and speculative allegations in conflict of interest claim did not entitle him to an evidentiary hearing on a habeas claim in federal court).

Even if the petitioner was granted leave to amend his petition to allege a claim that a conflict of interest existed because his plea counsel practiced law in the same public defender's office where his co-defendant's attorney also worked, federal habeas relief should be denied on such a claim.[6] Because the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997). Under the AEDPA, federal courts may not grant habeas corpus relief on any claim that was adjudicated on the merits in state court unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1), (2). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

When a question arises as to whether an attorney's undivided loyalty was sufficiently compromised to create an actual conflict of interest, the applicable constitutional standard is that of *Cuyler v. Sullivan*, 446 U.S. 335, 349–350 (1980) ("[A] defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice to obtain relief.") (citation omitted). In order to prevail on an actual conflict of interest claim, a petitioner must show that (1) petitioner's lawyer operated

---

[6] This conflict of interest issue was the only ground pursued by the petitioner in the PCR appeal (*see* docs. 13-3, 13-4, 13-5).

under a "conflict of interest" and (2) such conflict "adversely affected his lawyer's performance." *United States v. Nicholson* ("*Nicholson II*"), 611 F.3d 191, 196 n.2 (4th Cir. 2010) (citations omitted). To establish adverse effect, a petitioner must show (I) the existence of a plausible, alternative defense strategy or tactic that his defense counsel might have pursued; (ii) the objective reasonableness of that alternative strategy under the circumstances of the case, meaning that such strategy was "clearly suggested by the circumstances"; and (iii) linkage between the failure of defense counsel to pursue that strategy or tactic and the conflict of interest. *Id.* at 197 (citing *Mickens v. Taylor*, 240 F.3d 348 (4th Cir.2001)).

The PCR court found plea counsel's testimony credible and the petitioner's testimony not credible (app. 119). The PCR court further found that the petitioner failed to establish an actual conflict of interest arose from the representation of the two co-defendants by two attorneys from the same public defender's office (app. 125) (citing *Jackson v. State*, 495 S.E.2d 768, 773 (S.C. 1998) (finding potential conflict never ripened into actual conflict where public defenders from same office represented co-defendants)). The court noted plea counsel's testimony that when co-defendants are assigned to the public defender's office, the public defenders do not discuss common issues, discovery is handled independently, and one public defender does not have access to the other public defender's files or databases. The PCR court stated that the public defender's office "is not the fundamental equivalent of a law firm, as argued by the [petitioner]" and denied the petitioner's claim (app. 125).

The state court's denial of this claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. The court applied the correct legal standard, and the record fails to demonstrate the State court confronted a set of facts that were materially indistinguishable from those considered in a decision of the United States Supreme Court but arrived at a result different from the Supreme Court

precedent. Moreover, the record supports the PCR court's determination (*see* app. 57-58, 78-80, 85-90, 105-106, 110-11). *See United States v. Trevino*, 992 F.2d 64, 66 (5th Cir.1993) ("The potential for such conflicts, however, does not necessarily exist when . . . codefendants are represented by different attorneys, albeit in the same public defender office."); *Taylor v. Simpson*, C.A. No. 5:06-181-DCR, 2014 WL 4928925, at *40 (E.D. Ky. Sept. 30, 2014) (finding no actual conflict of interest where attorneys in public defender's office represented both petitioner and prosecution witness and stating, "Neither government prosecutors nor government public defenders have any personal stake in whether an office colleague or co-employee is successful in representing a client, unlike attorney-partners in private law firms. Instead, a public defender's office is comprised of individual attorneys exercising individual judgment in representing their clients.").

As to the petitioner's allegation in the response to the motion for summary judgment that he did not receive statements from victims or witnesses so that he could not be fully prepared for court and his attorney could not be ready to represent him (doc. 21 at 5), such allegations are substantially the same as the grounds raised in the initial federal habeas petition (doc. 1 at 5). As discussed above, such claims for relief are procedurally barred from consideration by this court absent a showing of cause for the default and prejudice from the asserted error. Here, the petitioner failed to provide any argument to establish cause and prejudice. Accordingly, because the petitioner has not established cause for the default of these grounds, they are procedurally barred from consideration by a federal habeas court and should be dismissed.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 14) be GRANTED and the petition (doc. 1) be DENIED.

**IT IS SO RECOMMENDED**,

December 4, 2017  
Greenville, South Carolina

s/ Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).