IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Dayquan Robinson, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> Warden Cartledge, ) <br> ) <br> Respondent. ) <br> _____) | Civil Action No. 6:17-00133-TMC-KFM <br><br> **ORDER** |

Petitioner is a state prisoner, proceeding pro se, who seeks relief under 28 U.S.C. § 2254. Petitioner filed this Petition for writ of habeas corpus on January 13, 2017 (ECF No. 1). On March 21, 2017, Respondent filed a Motion for Summary Judgment (ECF No. 14) and a Return and Memorandum to the Petition (ECF No. 13). Petitioner filed a Response in Opposition of Respondent's motion (ECF No. 21) and Respondent filed a reply (ECF No. 23). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Respondent's motion for summary judgment be granted and that the Petition be denied. (ECF No. 25). Petitioner was notified of his right to file objections to the Report. (ECF No. 25 at 15). However, Petitioner filed no objections to the Report, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only

1

satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 25), which is incorporated herein by reference. Accordingly, the Respondent's Motion for Summary Judgment (ECF No. 14) is **GRANTED**. Thus, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED with prejudice.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that this constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

Anderson, South Carolina  
December 27, 2017